IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
JUN 28 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 12-30164-WDS ) ) |
| GAROLD LEE SEMELKA, SR., | ) ) |
| Defendant. | ) |

**PLEA AGREEMENT**

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

I.

1. Defendant acknowledges that he has been advised of and does fully understand the following:

> (a)  the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
>
> (b)  that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
>
> (c)  that if he pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, he waives the right to a trial; and
>
> (d)  that if he pleads guilty, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement; and

(e) that if he pleads guilty, he will waive his right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against him at trial; and

(f) that if he pleads, he is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), he will be forbidden by federal firearms laws from possessing any type of firearm in his lifetime, unless he obtains relief pursuant to 18 U.S.C. §925, or other appropriate federal statute.

2. Defendant acknowledges that this Plea Agreement and Stipulation of Facts constitutes the entire agreement and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce him to enter into this Plea Agreement.

3. It is further understood that this agreement is limited to the Southern District of Illinois, and nothing herein is intended to bind other federal, state or local prosecuting authorities. It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.

4. Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. §3553(a), in determining the appropriate sentence.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant understands that he will be ordered to pay the full amount of the special assessment prior to or at the time of sentencing.

6.  Defendant understands that the Court must impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. §3583; U.S.S.G. §5D1.1.

7.  Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision <u>and that the Government will recommend the imposition of a fine</u>. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2010, are, for imprisonment: $2,357.01 per month; for community confinement: $2,153.22 per month; and for supervision: $328.20 per month. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8.  The Defendant understands that the Government may move for an order pursuant to 18 U.S.C. §6003 requiring the Defendant to give testimony or provide other information and that if such order is granted and the Defendant refuses to give such testimony or other information he may be subject to punishment for contempt.

9.  The Defendant states that he has read this agreement and has discussed it with his attorney, and understands it.

## II.

1.   The Defendant states that he is actually guilty and will enter a plea of guilty to Count 1 of the Information, charging him with Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2); and charging him, in Count 2, with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). The maximum penalty that can be imposed for a violation of Receipt of Child Pornography is not less than 5 but not more than 20 years' imprisonment, a fine up to $250,000, and from 5 years to a lifetime term of supervised release. The maximum penalty that can be imposed for a violation of Possession of Child Pornography is not more than 10 years' imprisonment, a fine up to $250,000, or both, and from 5 years to a lifetime term of supervised release.

2.   The Government and the Defendant agree that the following constitutes the essential elements of the offense of Receipt of Child Pornography, as charged in Count 1 of the Information:

> FIRST: the defendant knowingly received an item a visual depiction;
> SECOND: such visual depiction was shipped or transported in interstate or foreign commerce, or contains materials that had been mailed or shipped or transported in interstate or foreign commerce, by any means including computer; and
> THIRD: that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and
> FOURTH: the defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

The Defendant agrees and admits that his conduct violated these essential elements of the offense of Receipt of Child Pornography, as charged in Count 1 of the Information.

The Government and the Defendant agree that the following constitutes the essential elements of the offense of Possession of Child Pornography, as charged in Count 2 of the Information:

> FIRST: the defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;
>
> SECOND: such visual depiction had been mailed, shipped, or transported in interstate or foreign commerce, by any means, including by computer, or was produced using materials which had been so mailed, shipped, or transported; and
>
> THIRD: that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and
>
> FOURTH: the defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

The Defendant agrees and admits that his conduct violated these essential elements of the offense of Possession of Child Pornography, as charged in Count 2 of the Information.

3.  The Government and Defendant submit to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 34 and a Criminal History Category of I, whereby the sentencing range is 151-188 months. The Defendant and the Government further submit that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant's fine range will be $17,500 to $175,000, according to U.S.S.G. §5E1.2. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, he will not be permitted to withdraw his plea. The Government and the Defendant agree that the offense level and the criminal history category

calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed. **The Government agrees to recommend a sentence and fine that it at the low end of the advisory guideline line range ultimately found by the Court. Based upon the concessions made by the Government in this agreement, the Defendant agrees not to seek any sentence below the lowest range of the advisory sentence recommended by the guidelines after all guideline factors have been considered by the Court.** The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. §3553(a), including the nature and circumstances of the offenses and the criminal history and characteristics of the Defendant.

4. Defendant and the Government agree that the initial Guideline Offense Level in this case is 22, pursuant to U.S.S.G. §2G2.2(a)(2). The Defendant and the Government further agree that the specific offense characteristics apply: (1) the material involved a prepubescent minor or a minor who had not attained the age of 12 years, thus the Defendant's offense level should be <u>increased</u> 2 levels pursuant to §2G2.2(b)(2); (2) the offense involved distribution, thus the Defendant's offense level should be <u>increased</u> 2 levels pursuant to §2G2.2(b)(3)(F); (3) the offense involved sadistic or masochistic conduct or other depictions of violence, thus the Defendant's offense level should be

increased 4 levels pursuant to §2G2.2(b)(4); (4) the offense involved the use of a computer, thus the Defendant's offense level should be increased 2 levels pursuant to §2G2.2(b)(6); and (5) the offense involved more than 600 images, thus the Defendant's offense level should be increased 5 levels pursuant to §2G2.2(b)(7)(D); creating an adjusted offense level of 37.

5. Defendant and the Government agree that no victim-related adjustments apply to this offense. See U.S.S.G. § 3A1.

6. Defendant and the Government agree that his role in the offense was such that his offense level should be neither increased (under §3B1.1) nor decreased (under §3B1.2).

7. Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level should not be increased.

8. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of three (3) levels, reducing the Offense Level to 34 (from Offense Level 37). See U.S.S.G. §3E1.1.

9. Defendant and the Government submit to the Court that it appears that the Defendant has no criminal history points and that, therefore, his Sentencing Guideline Criminal History Category is I.

Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, he will not be able to withdraw his plea.

10. The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

11. Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter. Said cooperation will include signing all releases, as requested.

12. **The United States and the Defendant agree not to seek a sentence outside the applicable Guideline range.** The agreement by the parties to not seek a variance from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law.

13. The Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). **The Defendant and Government agree that there are no exceptional circumstances that would justify the Defendant's release pending sentencing.**

### III.

1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.

8

2. The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. §1B1.10). The Government reserves the right to oppose such claims for relief.

4. Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section

9

3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. §0.20(b).

5. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

7. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. Defendant states that he has reviewed said discovery compliance with his attorney.

## IV.

1. <u>Agreement to forfeit assets.</u>

The Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property which constitutes property used or intended to be used in any manner or part to commit and to promote the commission of the offense described in the Information and any and all material which contained images of child pornography. The assets to be forfeited specifically include, but are not limited to, the following property:

10

    **1. A HP Pavilion, Model m9426f, computer tower, bearing serial number MXX8390DSF, and all hardware and software contained therein.**

  2. <u>Assist in recovery of assets</u>.

The Defendant further agrees to fully assist the Government in the recovery and return to the United States of any of the foregoing assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by a nominee. The defendant specifically warrants that all of the property described in above belongs to him (subject to the right of the United States to forfeit same), that he is the true and actual owner of all of said property, and that no other persons have any right, title, or interest therein.

The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. The steps further include the obtaining of any and all necessary documentation required to release the title, purported ownership interest, or possession of any of the property which is being held by a straw party. The Defendant further authorizes his attorney, Lyndon Evanko, to execute on the Defendant's behalf any documents requested by the Government to effectuate the forfeitures.

The Defendant agrees to consent to any civil or administrative forfeiture brought against the properties described above pursuant to 21 U.S.C. §881. The Defendant waives service of process or notice in any such civil proceeding and agrees that an order for forfeiture may be entered in said

civil proceeding without further notice or hearing. The Defendant further waives any right to claim any interest in any property previously seized from him or any other person or in an property previously forfeited from him or any other person and any right to seek damages from the United States or any of its officers, agents, or employees stemming from any said seizure or forfeiture.

**All steps necessary to locate property and to pass title to the United States shall be completed no later than 14 days before the Defendant's sentencing. Time is of the essence.**

The United States Marshal may, at his discretion, immediately or at any other time, obtain possession of any and all of the forfeited property, real or personal. In the alternative, the United States Marshal may, at his discretion, wait until all third-party claims have been resolved before taking custody of any or all of the assets.

The Defendant agrees that forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

3.  Forfeiture of other assets and entry of forfeiture monetary judgment.

The Defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the Defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the Defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.

The Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture.

The United States may, but is not obligated to, accept money in lieu of forfeiture of any particular asset pursuant to 19 U.S.C. §1613(c), and the provisions of said 19 U.S.C. §1613(c) are hereby incorporated.

With respect to the above listed computer and computers disks, the Defendant agrees that the United States may, at its discretion and option, destroy said device rather than complete the forfeiture process. The Defendant releases and discharges the United States and all of its officers, agents and employees for any claim for damages or reimbursement arising from the destruction of said items should the United States elect to do so.

4.  <u>Waiver of rights</u>.

The Defendant further specifically waives the following constitutional or legal rights which he may otherwise possibly have had:

(a)  Any right to assert that the forfeitures violate the 8th Amendment of the Constitution or otherwise constitute an excessive fine or forfeiture or cruel and unusual punishment.

(b)  Any right to assert that the imposition of the forfeitures constitutes jeopardy with respect to the constitutional prohibition against double jeopardy; and the Defendant specifically agrees that the imposition of any fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative)

shall not be barred by the imposition of the forfeitures, nor shall the imposition of the forfeitures be barred by any such fine, restitution, imprisonment, costs of imprisonment, or penalty (either judicial or administrative).

(c)     Any requirement that the forfeitures must be commenced or completed at or by any particular time, including but not limited to any time or date imposed by a statute of limitations, any other statute, the doctrine of laches, or any administration rule or regulation. The Defendant further specifically agrees that the Court may immediately enter a preliminary order of forfeiture in this criminal proceeding consistent with this plea agreement and that it is not necessary to wait for the formal sentencing of the Defendant for the entry of said order.

V.

**Sex Offense Mandatory Registration.** Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

## VI.

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

_____
GAROLD LEE SEMELKA, SR.
Defendant

_____
Angela Scott
ANGELA SCOTT
Assistant United States Attorney

_____
LYNDON EVANKO
Attorney for Defendant

Date: 6/28/12

Date: 6/28/12